(19 Misc. Rep. 431.)

### READING BRAID CO. v. STEWART et al.

(City Court of New York, General Term. February 23, 1897.)

DIRECTING VERDICT—WEIGHT OF EVIDENCE.
   The court should direct a verdict for plaintiff when it would be bound to set aside a verdict for defendant as against the weight of evidence.

Appeal from trial term.

Action by the Reading Braid Company against John Stewart and Herman Sturm for the price of goods sold. From judgment for $102.75 for plaintiffs, on verdict directed by the court, defendant Stewart appeals. Affirmed.

Argued before SCHUCHMAN and O'DWYER, JJ.

H. A. Sperry, for appellant.
A. G. Wilcox, for respondents.

SCHUCHMAN, J. This is an appeal by the defendant Stewart from a judgment entered on the verdict of a jury rendered by direction of the court, and from an order denying a motion for a new trial. The action was brought to recover the sum of $102.75 for goods sold and delivered at various dates between January 4 and March 16, 1895, to the defendants, who, it was alleged, carried on business as co-partners under the name of the Arlington Embroidery Works. The defendant Sturm suffered default, but the defendant Stewart interposed an answer by a general denial. The only defense litigated by the defendant Stewart at the trial was that he sold out to Sturm on

February 23, 1895, and ceased to have anything to do with the business, and that notice of his withdrawal was actually mailed and given by him to the plaintiffs herein.    On this point the defendant's evidence introduced at the trial is that notice of withdrawal was written out by the defendant or his employé on a postal card, and that the boy believes that he mailed it, with other notices, given to others with whom the defendants were in the habit of dealing; but there is no positive evidence that this notice was ever mailed to the plaintiffs in this action.    The plaintiffs, however, testify positively that they never received any such notice, and never learned of the fact that the defendant Stewart had withdrawn from the business.

The law is well settled that dealers are entitled to hold the several partners of a firm liable for subsequent dealings, unless they have actual notice in some form of the dissolution of the firm.    It is enough to discharge the retiring partner for him to show that knowledge of the dissolution of the firm was in some form brought home to the dealers.    This is a question of fact, upon which the alleged partner holds the affirmative, and is to satisfy the court.    Bank v. Herz, 24 Hun, 260.    The burden of proof in this case, therefore, was on the defendant Stewart to show, by a preponderance of evidence, that notice of his withdrawal from the business was brought home by him to the plaintiffs in this action.    This, with the meager testimony on the part of the defendant in opposition to the positive denials on the part of the plaintiffs, has not been accomplished in this case. The court therefore was justified in directing a verdict for the plaintiffs.    The test of the question is:    If the verdict had been rendered by the jury on this point in favor of the defendant, would the court have been bound to set aside the verdict, as being against the weight of evidence?    I think that it would have been.

Judgment is therefore affirmed, with costs.