## H. Albrecht & Company, Defendant in Error, v. P. Massing and John Beaird, Jr., trading as P. Massing & Company, Plaintiffs in Error.

### (Not to be reported in full.)

Error to the City Court of East St. Louis; the Hon. W. M. VAN-DEVENTER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action of assumpsit by H. Albrecht and Company, a corporation, plaintiff, against P. Massing and John Beaird, Jr., partners, trading under the firm name and style of P. Massing & Company, defendants, upon an account for liquor alleged to have been sold to defendants as a partnership. From a judgment for plaintiff, defendants bring error.

C. B. THOMAS and E. J. VERLIE, for plaintiffs in error; KEEFE & SULLIVAN, of counsel.

DAN McGLYNN, for defendant in error.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. PARTNERSHIP, § 274*—*when evidence insufficient to show a sale of interest of partner to other and release from liability on partnership indebtedness by creditor.* In an action of assumpsit by a wholesaler against a partnership for liquor sold to defendants where the sale was admitted, but one of the defendants · claimed that he had sold out to his partner and that the plaintiff had agreed to look to the other partner for payment of the partnership indebtedness, and the testimony was conflicting and a greater number of witnesses testified for defendants than for plaintiff, but defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

H. Albrecht & Co. v. Massing et al., 199 Ill. App. 182.

ant failed to call his partner to the stand, evidence *held* insufficient to sustain a finding that a sale had been made and that plaintiff had released such defendant from liability on any part of the partnership indebtedness.

2. EVIDENCE, § 480*—*what is effect of failure to call witness in party's control.* The failure of partner in a suit for a partnership indebtedness, the defense of such partner being a sale to his copartner and a release from liability by the creditor, to call his copartner to the stand is evidence which may be considered in determining whether such partner was released from liability on such indebtedness.

3. PARTNERSHIP, § 274*—*when burden of proof on partner to show sale to copartner and notice by creditor.* The burden of proof is upon a partner in a suit on a partnership indebtedness to establish a sale of the interest of such partner to the other and notice thereof by creditor.

4. PARTNERSHIP, § 253*—*when creditor without notice of change may recover for goods sold after change in partnership.* A creditor who has no notice of change in a partnership by the sale of the interest of one partner to his copartner may treat it as a continuing partnership and recover for goods sold after the change in the partnership.

5. APPEAL AND ERROR, § 447*—*when error in admission of testimony not reviewable.* Error in the admission of testimony is unavailable where no objection was made to the testimony in the trial court.

6. EVIDENCE, § 73*—*when evidence as to statements made to third persons competent to contradict witness.* In an action on a partnership indebtedness, the defense of one of the partners being that he had sold out to his copartner and that plaintiff agreed to look to such copartner for payment, where defendant testified that he had told certain persons that he had sold out, *held* that the evidence of such persons was competent to contradict him upon the making of the sale.

7. INSTRUCTIONS, § 151*—*when requested instruction covered by charge properly refused.* A requested instruction embodied in instructions already given is properly refused.

8. PARTNERSHIP, § 248*—*when instruction on admission of liability of copartner misleading.* In an action against a partnership which one of the partners defended on the ground that he had sold out to his copartner and the creditor had agreed to look to the copartner for payment, an instruction that the copartner had defaulted and admitted that he was liable for the debt, *held* properly refused as misleading.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. APPEAL AND ERROR, § 1560*—*when refusal of instruction assuming facts not reversible error.* In an action against a partnership on an alleged partnership indebtedness where the defense of one of the partners was that he had made a sale to his copartner and that the creditor had agreed to look to the copartner for payment, the refusal of an instruction for defendant which assumed that the debt was that of the partner defending, *held* not reversible error.