[Civ. No. 4946. Third Appellate District.—December 29, 1933.]

INGOLF TORVEND, Appellant, v. J. D. PATTERSON et al., Respondents.

Whitehurst & Logan for Appellant.

A. J. Carlson for Respondents.

PULLEN, P. J.—For some time prior to July 1, 1929, defendants J. D. Patterson and W. Witherly had been partners in the sheep business, under the firm name of Patterson & Witherly. During that period the partnership, in the firm name, purchased groceries from plaintiff for their sheep camps; certain groceries were also purchased by Witherly individually. The partnership carried a checking account with the Commercial Bank of Patterson in the name of Patterson & Witherly, out of which account, with checks signed "Patterson & Witherly, by W. Witherly", plaintiff had been paid for groceries during a time prior to July 1, 1929, and extending into May, 1931.

After July 1, 1929, plaintiff continued to sell groceries upon the order of W. Witherly or his employees, charging it upon his ledger to Patterson & Witherly, and at the time of the delivery of the merchandise, handed to the one taking delivery, a memorandum of the items addressed to Patterson & Witherly, and each month, according to his custom, mailed to Witherly a statement of the balance due, showing the items charged to Patterson & Witherly. Checks in payment on account thereof were, from time to time, given to plaintiff, such checks being drawn on an account in the Commercial Bank and signed "Patterson & Witherly, by W. Witherly", all as had been the practice prior to July, 1929.

On August 27, 1931, plaintiff brought this action against defendants for the merchandise so sold and delivered subsequent to July 1, 1929. Defendant Patterson answered, denying that he was liable, either individually or as a member of the partnership; Witherly answered, admitting his personal liability, but denied any partnership obligation, they both alleging that the partnership had been dissolved July 1, 1929.

The evidence presented with regard to the question of whether or not timely notice of the dissolution was given to plaintiff, was sharply conflicting. The questions here presented were brought before the court by a bill of exceptions and have to do principally with certain instructions of the court dealing with the question upon whom rested the burden of proof of establishing notice of dissolution. Defendants claim that it devolved upon plaintiff to establish, among other things, that no notice of dissolution had been received by him, while plaintiff claims that defendants, relying upon the dissolution of partnership, have the burden upon them to prove that actual notice of dissolution was received by plaintiff. Also, exceptions are taken as to the admissibility of certain evidence.

 Upon behalf of plaintiff instructions were given, from which we quote such portions as are material to the questions here involved:

"Plaintiff's instruction No. 3. It is admitted by defendants J. D. Patterson and W. Witherly that prior to July 1, 1929, they were doing business as a partnership under the name of Patterson & Witherly. They allege that such partnership was dissolved on July 1, 1929, and that plaintiff had notice of such dissolution.

"To affect the rights of one dealing with and extending credit to a partnership prior to its dissolution, actual notice must be brought home to him . . . , and even though you find that the firm of Patterson & Witherly was dissolved, your verdict must be for plaintiff, against all of the defendants unless you also find, by a preponderance of the evidence, that plaintiff Torvend had actual notice of the dissolution.

"I further instruct you that the burden of proof is on the defendants to prove that Mr. Torvend had actual notice

that the firm of Patterson & Witherly was dissolved. It is not necessary for plaintiff to prove that he did not have notice of the dissolution. It is up to defendants to prove that he did have such notice.

"Plaintiff's instruction No. 4. You are instructed that, . . . the liability of a general partner continues, even after his withdrawal from the partnership, in favor of persons who have had dealings with and given credit to the partnership during his connection with it until they have had personal notice of his withdrawal . . . ; and you are further instructed that the burden is upon the defendants to prove by a preponderance of the evidence that defendant Patterson had withdrawn from said partnership prior to the term covered by the transaction upon which this action is based, and that the plaintiff had notice of that fact prior to such term. . . .

"Plaintiff's instruction No. 5. In order that a withdrawing partner may escape liability for future debts in favor of one who had previously extended credit to the firm . . . , actual notice must be received by the person who had so extended credit. . . . Creditors who have dealt with the firm are entitled to rely on his credit and financial standing in extending credit to the firm until they have actual notice of his withdrawal, and unless you find by a preponderance of the evidence that Mr. Torvend received actual notice of Mr. Patterson's withdrawal from the firm of Patterson & Witherly, your verdict must be for plaintiff. . . .

"Plaintiff's instruction No. 7. . . . Unless you find by a preponderance of the evidence that defendant J. D. Patterson withdrew from the firm of Patterson & Witherly and plaintiff had actual notice of such withdrawal, your verdict shall be for the plaintiff against all of the defendants. . . .

"Plaintiff's instruction No. 8. The court has instructed you that the burden of proof is on defendants to prove by a preponderance of the evidence that plaintiff received actual notice of defendant Patterson's withdrawal from the firm of Patterson & Witherly, even though you found that such firm was dissolved, before defendant Patterson can escape liability for credit extended after such withdrawal where credit was extended by plaintiff while he was a member of such firm."

After the giving of the foregoing instructions, submitted by plaintiff, which correctly state the law, the court, at the request of defendants, gave the following instruction:

"Defendants' instruction No. 13. The burden of proving a liability against the defendant Patterson rests upon the plaintiff and it must be established by a preponderance of the evidence as heretofore explained. In order, therefore, to justify a verdict against defendant Patterson you must find from a preponderance of the evidence; that is, by a greater weight of the evidence, that no notice was given to Mr. Torvend of the dissolution of the partnership. *If the evidence upon this point is equally balanced, then you must find on this issue in favor of the defendant Patterson,* provided, of course, you find that the partnership was actually dissolved." (Italicizing added.)

It is the contention of plaintiff that the foregoing instruction laid down a rule directly contradictory to the law as set forth in the instructions previously given, and dealing as it does with a factor essential in the determination of the issues the error makes a new trial imperative. With this we must agree.

As the court said in *Starr* v. *Los Angeles Ry. Co.,* 187 Cal. 281 [201 Pac. 599, 603]:

"It is true, as respondent points out, that the instructions are to be construed together, but where the instructions are flatly contradictory, as is the case where the jury is instructed upon a specific state of facts to bring in a verdict in favor of plaintiff or defendant and is elsewhere instructed in general terms not to do so, the instructions must be held to be conflicting and prejudicial, because it cannot be ascertained upon what theory the verdict was returned. The theory of the plaintiff and defendant were diametrically opposed and the evidence, as well as the instructions, was sharply conflicting. Under this condition it cannot be said that there is no miscarriage of justice when it cannot be ascertained from the record upon what theory the jury was authorized by the instructions of the court to render its verdict, or upon what state of facts shown in the evidence the verdict was reached."

And, to the same effect, the court said in *Buttrick* v. *Pacific Electric Ry. Co.,* 86 Cal. App. 137 [260 Pac. 588, 591]:

"This instruction (No. 12) is contradictory of said instruction No. 17 above quoted, in essential particulars, and the jury could not determine which of the two instructions correctly stated the law. They were bound to accept all the propositions that the court instructed them upon as a correct statement of the law by which they were to be guided, and if the instructions are inconsistent or contradictory, it is impossible to tell which was adopted in reaching their verdict in this case, and for that reason a new trial should be granted."

There is considerable confusion in the meaning and use of the term "burden of proof", which arises, as Wigmore says, in his work on Evidence, second edition, "not so much from the intrinsic complication or uncertainty of the situation as from the lamentable ambiguity of phrase and confusion of terminology under which our law has so long suffered." (Sec. 2485.)

It was said in *Powers* v. *Russell,* 13 Pick. (Mass.) 69, that "where the party having the burden of proof establishes a *prima facie* case, and no proof to the contrary is offered, he will prevail. Therefore, the other party, if he would avoid the effect of such *prima facie* case, must produce evidence of equal or greater weight to balance and control it, or he will fail. Still the proof upon both sides applies to the affirmative or negative of one and the same issue, or proposition of fact; and the party whose case requires the proof of that fact has all along the burden of proof. It does not shift, though the weight in either scale may at times preponderate. But where the party having the burden of proof gives competent and *prima facie* evidence of a fact, and the adverse party, instead of producing proof which would go to negative the same proposition of fact, proposes to show another and a distinct proposition which avoids the effect of it, there the burden of proof shifts, and rests upon the party proposing to show the latter fact. (*Hughes* v. *Williams,* 229 Mass. 467 [118 N. E. 914], and cases collected.)"

Applying this rule to the case at bar it is clear that plaintiff made out his case when he showed the existence of the partnership, the sale and delivery of merchandise, charged to the partnership, and the nonpayment thereof. To offset this showing defendants sought to avoid its effect by proof of a distinct fact, that is, that the partnership had

been dissolved. This was an affirmative allegation and the burden rested upon defendants as the parties asserting it. It was no part of plaintiff's case and upon him could be imposed no duty of establishing that fact. As to that part of the case the burden rested upon defendants.

The rule as to burden of proof is expressed in section 1891 of the Code of Civil Procedure as follows: "The party holding the affirmative of the issue must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side."

In 17 American & English Encyclopedia of Law, first edition, page 1118, regarding the burden on a retiring partner, it is said:

"The burden of proof to establish notice rests with the partner claiming it, and if the evidence is conflicting the benefit of the doubt will be given the creditor."

Rowley, in his Modern Law of Partnership, section 596, states: "It is a question of fact for the jury whether a previous customer had notice of the dissolution of a partnership, and the burden of proving notice is on the partner seeking to escape liability."

In *Reading Braid Co.* v. *Stewart,* 19 Misc. 431 [43 N. Y. Supp. 1129], defendant's evidence showed that notice to plaintiff of dissolution of the partnership had been written on a post-card, but the boy to whom the mailing of the card was entrusted had no definite recollection of having mailed the same. Plaintiff denied receiving any notice, and the court, holding a directed verdict in favor of the plaintiff proper, said: "The burden of proof in this case, therefore, was upon the defendant Stewart to show, by a preponderance of the evidence, that notice of his withdrawal from the business was brought home by him to the plaintiff in the action."

In *Poage Milling Co.* v. *Joseph Howard & Co.*, 227 Ky. 353 [13 S. W. (2d) 266], the court held: "The burden of proving notice is on the partner. Notice of dissolution may be given by mail and in case proper mailing is shown the presumption arises that the notice reached the addressee, but if such presumption is rebutted by evidence that it did not reach him the attempted notification is ineffective . . . in such cases unequivocal notice must be given, and when

denied must be proved by the preponderance of the evidence.''

In *Albrecht* v. *Massing*, 199 Ill. App. 182, it is said: ''The burden of proof is upon a partner in a suit on a partnership indebtedness to establish a sale of the interest of such partner to the other and notice thereof by the creditor.''

■ An exception is also taken to defendants' instruction No. 11, reading as follows: ''Mr. Patterson and Mr. Witherly had a right to dissolve their partnership. Upon the occurring of such dissolution the remaining partner, Mr. Witherly, had no right or power to incur any further obligations on the credit of Mr. Patterson.''

No doubt the incurring of such an obligation would be a breach of obligation to a retiring partner, but until proper notice had been given to a creditor, he had the power, although not the right, to subject the retiring partner to a liability. To that extent the instruction was incorrect.

We must therefore hold that instructions 11 and 13 upon behalf of defendants were erroneous and being in conflict with instructions given upon behalf of plaintiff, with the evidence sharply conflicting upon a material issue, a new trial must be granted.

We do not believe it necessary to comment on other exceptions noted in the briefs, as the question may not arise upon the retrial of the issues.

The judgment is reversed.

Thompson, J., and Plummer, J., concurred.