[Civ. No. 19804.    Second Dist., Div. Two.    Feb. 18, 1954.]

FRANCES E. VOGLER, Appellant, v. CHARLES INGRAO
et al., Respondents.

Nathan Newby, Jr., for Appellant.

Frank Desimone for Respondents.

MOORE, P. J.—Appellant recovered judgment against defendant Karsten on the demand note of the latter made in favor of one Josephine Falzone, but was denied recovery as to all others.*

Defendants Florence Karsten and Catherine Ingrao are sisters and for some time prior to December, 1946, had, as a copartnership, operated the Venetian Dining Room and Gardens in Altadena. On January 25, 1947, Florence executed and delivered the note to Miss Falzone in the principal sum of $2,400 with interest and signed the name of the partnership by Florence L. Karsten, Partner. The court found that no partnership of the sisters existed at any time during the month of January, 1947, or at any time subsequent thereto; that any acts committed by Mrs. Karsten in procuring moneys during that period were done without the express or implied authority of Mrs. Ingrao and without her knowledge; that Mrs. Karsten borrowed the $2,400 for her own individual account and not for the benefit of the partnership or for the benefit of defendants Ingrao. Appellant included the husbands of the sisters as defendants. Florence defaulted and on the other defendants' plea of nonliability and the proof that they were not participants in the loan, judgment went in their favor but was entered against Florence Karsten only. A reversal of the judgment is demanded by plaintiff on the ground that the loan was made to the partnership and that Catherine as well as Florence had the benefits of the proceeds of the loan.

Appellant contends certain findings are not sustained by the evidence. While some findings may be without support, the judgment will not be disturbed on appeal if findings of the basic facts are supported by substantial evidence. ■ Erroneous findings, not necessary to sustain the judgment, may be disregarded as being immaterial. (*Supreme Grand Lodge* v. *Smith,* 7 Cal.2d 510, 513 [61 P.2d 449] ; *American National Bank* v. *Donnellan,* 170 Cal. 9, 15 [148 P. 188, Ann.Cas. 1917C 744].) Findings are conclusive on appeal if there is substantial evidence to support them. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557] ; *Estate of Bristol,* 23 Cal. 2d 221, 223 [143 P.2d 689].)

The findings made are sufficient to support the judgment in favor of respondents. Sufficient, substantial evidence is contained in the record to sustain them. ■ Where there

---

*Three other counts of the complaint are not involved in this appeal.

is no fixed term for its existence, a partnership may be dissolved by the expressed will of one of the partners. (*Maryland Casualty Co.* v. *Little,* 102 Cal.App. 205, 210 [282 P. 968].) ■ When it is dissolved, the authority of one partner to bind his copartner in the creation of an indebtedness is revoked and the agency ends. (*Ibid.*, p. 211.*)

■ Mrs. Ingrao testified that she gave Mrs. Karsten money to pay all outstanding bills and orally dissolved the partnership on December 22 or 23, 1946, and that the restaurant was closed and padlocked about two days after New Years Day, 1947, at which time the statement of dissolution was repeated. Mr. Ingrao testified to the same effect. Mr. Montana, an employee of the restaurant and a brother of Mrs. Karsten, testified that he padlocked the place of business at Mrs. Ingrao's direction about January 3, 1947, and that he was present on the same day when Mrs. Ingrao notified Mrs. Karsten of the closing and dissolution of the partnership. Mrs. Karsten's testimony that she borrowed the money in question on January 24, 1947, in order to pay creditors so that she could remove the padlock and reopen the restaurant was thus rendered no more than airy nothingness in the mill of the trial judge.

Much emphasis is placed on the effect of a letter from defendants Ingrao to defendants Karsten notifying the latter of the sale by the former of their interest in the partnership and also giving notice of dissolution of the partnership. This letter was written after the execution by Mrs. Karsten of the promissory note in question. As argued by appellant, this writing is entitled to great weight in determining the date of dissolution. However, it is not controlling and does not necessarily overcome the positive testimony of the Ingraos. It may have been considered a formal reiteration of the prior statements and actions of respondents made at the request of the purchaser of their interest.

Appellant contends that Mrs. Karsten had the power to obligate the partnership to a third person even though the partnership had been dissolved at the time the debt was incurred, citing Corporations Code, section 15035. The pertinent portion of that statute declares that after dissolution, a partner can bind the partnership by any transaction which

---

*"The authority of a partner to bind his copartner in the creation of an indebtedness finds its source in the doctrine of agency. When the partnership is dissolved the authority to create a new obligation is revoked and the agency ends.''

would bind the partnership if dissolution had not taken place, provided (1) the other party to the transaction had extended credit to the partnership and had no knowledge or notice of dissolution, or, (2) though he had not so extended credit, he had known of the partnership prior to dissolution and had no knowledge or notice of dissolution and the fact of dissolution had not been advertised in a newspaper of general circulation in the place at which the partnership was regularly carried on.

From the record it is learned that the payee of the note was not a creditor of the partnership prior to dissolution and that no notice of dissolution was advertised. ■ Appellant argues that the burden of proof rests on respondents to establish that the payee had notice of the dissolution at the time the loan was made, citing *Torvend* v. *Patterson,* 136 Cal.App. 120 [28 P.2d 413]. This is correct. ■ However, a necessary condition for the application of the section 15035, *supra,* is that the creditor know of the existence of the partnership prior to the dissolution. Certainly, the burden of proof in establishing this prior knowledge rests with appellant. There is nothing in the record in regard to what the payee knew or did not know concerning the existence or status of the partnership prior to or at the time of the creation of the debt other than the fact that the note is signed in partnership form. The payee did not testify at the trial. By reason of appellant's failure to establish her case in this respect, the statute referred to is of no avail.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.