[Civ. No. 8343.   Third Dist.   Oct. 15, 1954.]

GARLAN EPLEY, Respondent, v. STANLEY HILLER, Appellant.

Weis & Weis for Appellant.

Heenan & Arnoldy for Respondent.

WARNE, J. pro tem.*—Appellant appeals from the judgment. The action was for the balance due on an open book account. Prior to the date of trial, the action was dismissed as to appellant's codefendant, Bert Cann, due to his death, and a judgment from which this appeal is taken was rendered against the appellant, Stanley Hiller, individually.

Appellant and Bert Cann formed a partnership to take over and operate a mining property at Smartsville, in Yuba County, California, under the name of Rosebar Development Company. For use in their mining operations Cann made arrangements for the purchase of water from the Nevada Irrigation District, hereinafter referred to as N.I.D., respondent's assignor. The account with N.I.D. was opened on July 30, 1948, and water delivery began on August 10, 1948. Mining operations and supply of water ceased in June, 1949, at which time the original ledger sheet kept in the ordinary course of business by N.I.D. showed a balance due on the Rosebar Development account of $2,314.07, for recovery of which this action was brought. The partnership was dissolved on January 21, 1949. The instruments by which appellant transferred his interest in the partnership to Cann, who assumed all liability for the debts thereafter incurred, were introduced into evidence to show the fact of dissolution, but do not appear to have been recorded. Respondent does not dispute the fact that as between Hiller and Cann such a dissolution took place, but does contend that respondent's assignor, N.I.D., never received either notice or knowledge thereof, in any manner whatsoever. Over objection appellant testified that after the instruments evidencing dissolution were executed, Cann took a list of all the partnership creditors and notified each personally, and reported same to appellant; that personal notification was given by Cann to Mr. Varney, manager of N.I.D., during the entire period of the partnership accounts; but that appellant himself had not given notification. The record fails to disclose the fact of any written notice of

*Assigned by Chairman of Judicial Council.

dissolution. Appellant Hiller stated that prior to the dissolution he had visited the mining site on many occasions, but subsequent thereto he had not been on the property, and that until July, 1952, when a bill was sent to him, he had no notice that N.I.D. sought to hold him personally liable on the Rosebar Development Company account. One Mr. Quilty, ditch tender for N.I.D., also empowered to accept new accounts and do collecting throughout the Yuba County territory, testified as a witness on behalf of appellant, that he had heard of the dissolution, by rumor, and considered it his duty to notify Mr. Varney, manager of N.I.D., by telephone, of that fact, although he had no personal notice from Mr. Cann. Witness Bosanko, water master and hydrographer for N.I.D., testified from the records of the district that no notice, written or otherwise, of dissolution had ever been received by it, and that he himself had no such knowledge.

The case was tried by the court without a jury, and, as stated above, judgment was in favor of respondent.

Appellant made a motion for a new trial on the ground of insufficiency of evidence; that the decision was contrary to law; and newly discovered evidence. On the hearing of said motion, the latter ground was stressed, and two affidavits in support thereof were filed by appellant, and read into the record. The affidavit of Mills Weis sets forth his inability to locate Mr. Varney, manager of N.I.D., when preparing for trial; and the affidavit of the appellant Hiller sets forth his search subsequent to the trial, and his ultimate success in locating Mr. Varney in Iraq, and receiving a letter from him in which the latter stated that Mr. Cann had informed him, Varney, of the dissolution of the partnership and his personal assumption of liability, and that the district was aware of the situation when it continued delivery of water to the mine. It was also shown that Mr. Varney would agree to having his deposition taken.

In opposition to appellant's motion for a new trial the respondent filed several counteraffidavits, three of which were by the three living directors of N.I.D., who were such during the period of time in question, wherein affiants stated that at no time during the period from July, 1948, to July, 1949, were they apprised of the fact there had been a dissolution of the partnership, nor was such dissolution called to the attention of the board of directors of N.I.D., and that Mr. Varney, upon request, resigned his position as manager.

One R. M. Smith, superintendent of N.I.D., by affidavit denied receiving knowledge or notice of dissolution.

The motion so made and heard was denied.

Appellant urges that a review of the entire testimony of the witness Quilty will show that both he and Mr. Varney had notice, imputable to the district, and it is immaterial that every other employee or member of the board of directors did not himself receive notice of said dissolution. In reply, respondent submits that the question of whether or not notice was given is a question of fact, and that that question in a trial of this action was resolved, on conflicting evidence, in favor of the respondent, and that the appellate court is bound by the determination so reached.

Appellant also contends that the subject of the action is an account balance accruing subsequent to the dissolution of the partnership, and that if liability is imposed at all, it must be through the application of Corporations Code, section 15035, which provides as a condition precedent to the imposition of liability on a retiring partner that the third party creditor have "no knowledge or notice of dissolution." Whereas respondent contends that the action is based upon an open book account, and the amount sued for represents an existing liability at the time of the dissolution, so that Corporations Code, section 15036, subdivision (2), which in effect provides that the creditor have "knowledge of dissolution" to discharge a retiring partner from any existing liability, is the applicable statute.

We do not deem it necessary to determine precisely which of these sections is controlling on this appeal.

The record fails to disclose any notice given as defined in section 15003 of the Corporations Code. Appellant did not personally give notice of dissolution to any member of N.I.D. nor was notification given by means of written communication. The testimony of appellant that Cann had personally notified Varney was hearsay, and certainly not the direct positive evidence of the fact of notice; therefore, the principal question presented to this court concerns the sufficiency of the evidence to support the implied finding by the court below, that respondent's assignor did not in fact have knowledge of the dissolution of the partnership so as to release appellant from liability on the partnership obligation.

It is clear to us that this finding should be upheld. Respondent made out his case when he showed the existence of the partnership, the sale and delivery of the water,

charged to the partnership, and the nonpayment thereof, and when appellant sought to offset this showing by proof that the partnership had been dissolved, and that plaintiff had notice thereof, this was an affirmative allegation, and the burden rested upon the appellant as the party asserting it. (*Torvend* v. *Patterson*, 136 Cal.App. 120 [28 P.2d 413]; *Vogler* v. *Ingrao*, 123 Cal.App.2d 341 [266 P.2d 826].)

The evidence offered by appellant to prove imputed notice to the district, and that offered by respondent to prove lack of notice or knowledge would, at most, go to the credibility of the witnesses so testifying, and was a matter for the trial court to resolve. As is stated in *Richards* v. *Plumbe*, 116 Cal.App.2d 132, at pages 133-134 [253 P.2d 126]:

"It is an elementary principle of law that when an appeal is taken every intendment is to be indulged in which tends to support the judgment, and every reasonable inference that may be drawn from the facts which tend to support a finding must be accepted. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) The construction of the evidence is to be in support of the finding (*Patten & Davies Lbr. Co.* v. *McConville*, 219 Cal. 161, 164 [25 P.2d 429]), with all conflicts resolved in favor of the respondent. It may also be said that when the charge is made that the evidence is not sufficient to sustain the determination of the trial court, 'such contention requires' the appellant 'to demonstrate that there is no substantial evidence to support the challenged findings' (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550])."

The reviewing court is not permitted to substitute an inference different from that drawn by the trial court.

As stated by the trial court, Mr. Varney's deposition, even if taken and submitted on a new trial, would not create anything more than a conflict in the record as it now stands. It was for the trial court in its discretion to determine the credibility to be given to the witness so offering to testify, and, in the absence of an abuse of such discretion, it is not within the jurisdiction of this court to question his judgment.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 9, 1954, and appellant's (Hiller) petition for a hearing by the Supreme Court was denied December 14, 1954. Edmonds, J., was of the opinion that the petition should be granted.