[Civ. No. 8407.   Third Dist.   Nov. 12, 1954.]

FRANK M. CARVALHO, Appellant, v. ROBERT McCOY et al., Respondents.

Walch & Griswold for Appellant.

Herbert F. Hawkins and D. Oliver Germino for Respondents.

WARNE, J. pro tem.*—This is an appeal from that portion of the judgment which was entered in favor of defendant George Souza. No appeal is taken from the portion of the judgment granting plaintiff judgment against codefendant Robert McCoy.

Defendant Souza and defendant McCoy entered into a partnership agreement on December 1, 1948, under the name of Los Banos Hay and Grain Company.

In 1949 defendants applied to the State of California for a dealer's license to conduct such business. Thereafter quite a volume of business was transacted in the vicinity of Los Banos and Firebaugh, and some at Gustine and Dos Palos. Defendants had an office and store where they conducted business, and on the outside of the building was a sign upon which was displayed the name of Los Banos Hay and Grain Company. The names of the defendants were not displayed on the sign. In the latter part of 1949 appellant saw McCoy and Souza at the Santa Rita Park. He asked them what the price of hay was at that time, and was given the price. No offer to buy or sell hay was made at that time.

Respondent Souza testified that this was the first time he had ever seen Mr. Carvalho; that he had never talked to Carvalho about buying hay from him and that subsequently he occasionally saw Carvalho on the streets of Los Banos.

In February, 1950, Souza and McCoy entered into a mutual agreement of dissolution. A notice of intended sale was published in the Los Banos Enterprise, but the notice of dissolution of the partnership was never published.

Respondent Souza testified that all customers were notified of the dissolution either personally or by word of mouth. He stated he did not personally tell Mr. Carvalho of the dissolution as neither he nor McCoy had done any business with Carvalho while they had been partners in the Los Banos Hay and Grain Company.

Sometime during the latter part of March, McCoy went to Carvalho's ranch to discuss the purchase of hay. He went in his own personal car, which had no identification signs of any kind on it. At that time, Mr. Carvalho agreed to sell 366,420 pounds of hay at $22 per ton. This was the first and only sale

*Assigned by Chairman of Judicial Council.

made by appellant Carvalho to the Los Banos Hay and Grain Company. The hay was weighed and received from appellant between March 28 and April 12 of 1950. Payment was to be made immediately upon delivery, but such payment was never made. Delivery of the hay was taken by truck at the appellant's ranch; one truck used bore the name of the Los Banos Hay and Grain Company, and others were sub-contractors hired by McCoy. Appellant made numerous calls to Los Banos to contact McCoy about the money owed him, but was unsuccessful. Appellant filed a claim against McCoy and Los Banos Hay and Grain Company with the state, as did many other growers. It was not until after sometime in July that appellant went to see respondent Souza, which was the first time he had ever talked to him about the hay. Appellant also testified that he did not hear of the dissolution until a couple of months after the sale of his hay; however, Mr. Kachadorin, the state representative, testified that appellant Carvalho had told him that he had never sold any hay to respondent Souza. McCoy testified that he did not recall whether or not he told appellant when they were negotiating for the sale of hay that Souza was no longer a partner. He also testified that when appellant came to see him in the Los Banos office during the time he was getting delivery of the hay, he had told appellant that Souza was no longer a member of the firm, due to the dissolution. Defendant McCoy defaulted and judgment was granted against him only.

The court found that at the time of the sale of the hay appellant had personal knowledge that the previous copartnership of McCoy and Souza, doing business as the Los Banos Hay and Grain Company, had been dissolved; and that he, Carvalho, knew and had actual knowledge of the fact that he was selling his hay to Robert McCoy as the then sole owner of the Los Banos Hay and Grain Company. Appellant contends that there is no evidence to support this finding.

As we view the evidence, it is conflicting as to whether or not appellant knew of the dissolution. Appellant, in support of his argument, cites the case of *Torvend* v. *Patterson*, 136 Cal.App. 120 [28 P.2d 413], wherein the court enunciated the principle that the burden of proof to establish the affirmative defense of notice of dissolution rests with the party claiming it, and that if the evidence upon this point is equally balanced, the determination should be against the one who had the burden of proof. It did not lay down the principle as contended by appellant, to wit, "and if the evidence is con-

flicting the benefit of the doubt will be given the creditor.'' The fact that there is a conflict in the evidence does not compel the determination to be as appellant asserts, but only when the evidence is equally balanced. Where there is a conflict in the evidence, that is a question for the trier of fact to resolve, and it will be upheld where there is substantial evidence to support it.

As stated in *Richards* v. *Plumbe,* 116 Cal.App.2d 132, 133-134 [253 P.2d 126]:

''It is an elementary principle of law that when an appeal is taken every intendment is to be indulged in which tends to support the judgment, and every reasonable inference that may be drawn from the facts which tend to support a finding must be accepted. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].) The construction of the evidence is to be in support of the finding (*Patten & Davies Lbr. Co.* v. *McConville,* 219 Cal. 161, 164 [25 P.2d 429]), with all conflicts resolved in favor of the respondent. It may also be said that when the charge is made that the evidence is not sufficient to sustain the determination of the trial court, 'such contention requires' the appellant 'to demonstrate that there is no substantial evidence to support the challenged findings' (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550]).''

It is significant to note that, while appellant went to Los Banos several times after the hay had been delivered to see McCoy to get payment, by his own testimony, he did not go to see respondent to talk to him about the deal or to seek payment from him until months after the hay was delivered. His actions alone, in this respect, would indicate that he knew of the dissolution at the time he sold his hay to McCoy, and for that reason was not looking to respondent for payment. At least it is a reasonable inference in the light of Mr. Kachadorin's testimony that appellant had told him he had never sold any hay to respondent Souza.

The fact that notice of dissolution was not published and filed as required by section 15035.5 of the Corporations Code would not of itself make the respondent liable. The court, as noted above, specifically found that the appellant had actual notice of the dissolution.

We find no merit in any of the contentions made by appellant.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.