[Civ. No. 9496.   Third Dist.   Feb. 6, 1959.]

CREDIT BUREAUS OF MERCED COUNTY, INC. (a Corporation), Respondent, v. RUSSELL C. SHIPMAN et al., Defendants; DONALD E. DAVIS, Appellant.

CREDIT BUREAUS OF MERCED COUNTY, INC. (a Corporation), Respondent, v. SHIPMAN AND DAVIS LUMBER COMPANY (a Partnership) et al., Defendants; DONALD E. DAVIS, Appellant.

Treadwell & Kane and Thomas J. Kane, Jr., for Appellant.

Samuel K. Brantley for Respondent.

SCHOTTKY, J.—Donald E. Davis has appealed from the judgment entered in the above-entitled actions which were consolidated for trial. By the judgment Davis was held liable for a debt incurred by a partnership of which he was a member and attorney's fees, and for two other debts, one of which was incurred in the name of the partnership after the entity was dissolved.

Donald Davis and Russell Shipman formed a partnership in 1954 under the name of Shipman & Davis Lumber Company. On September 20, 1955, the partnership was dissolved by written agreement. A notice of dissolution was published

in a newspaper of general circulation in the county where the business was conducted, and an affidavit of publication was filed with the county clerk. No actual notice of dissolution was given to firms which had extended credit to the partnership at the time of dissolution. By the agreement Shipman, who was to continue the business, was to pay all the debts of the entity. Shipman continued the business as a sole proprietorship for a short time until a successor corporation, Shipman Lumber Servaes Company, was formed. In March, 1955, the partnership had purchased a calculator from the Valley Typewriter Company. The contract of sale provided that the unpaid balance of $457.20 would be paid in 12 installments of $38.10. At the time of dissolution the sum of $255.40 was owing to the Laird Welding and Manufacturing Company. The sum of $255.40 was paid to Laird Welding and Manufacturing Works on November 17, 1955, but this amount did not include the item of $54.48 for repairs made on November 3, 1955, but which was not entered on the books of the Laird Welding and Manufacturing Works until after the payment on November 17th, nor did it cover charges for demurrage on oxygen or acetylene cylinders furnished by Laird Welding and Manufacturing Works, or charges for cylinders which were either lost or not returned, said charges amounting to $135.33.

Commencing in 1956, Merced Hardware and Implement Company, a firm which had previously done business with the partnership, sold merchandise on credit to the successors. The charge for this merchandise, amounting to $538.38, was entered on the books of Merced Hardware and Implement Company in the name of Shipman & Davis Lumber Company.

At the time of dissolution eight payments were due on the calculator. Five were made prior to the institution of this suit. A check in the amount of $76.20 drawn by Shipman Lumber Servaes Company on June 20, 1956, was accepted by Valley Typewriter Company as was a check of $38.10 dated October 26, 1956, which was also drawn by Shipman Lumber Servaes Company.

The accounts were assigned to the above-named plaintiff, and two separate actions were brought against Davis and Shipman and the partnership. Shipman failed to answer and a default was entered against him. Davis filed an answer denying any indebtedness to plaintiff. The two actions were consolidated for trial; and the court found that plaintiff was entitled to recover from defendant Davis the sum of $189.81

on the Laird account, the sum of $538.38 on the Merced Hardware account, and the sum of $114.30 plus $100 attorney's fees on the Valley Typewriter account. The court also found that neither plaintiff nor plaintiff's assignors had notice of dissolution of said partnership until after their accounts had been incurred, and that neither plaintiff nor plaintiff's assignors agreed to discharge any of the defendants named herein from liability. In accordance with said findings, judgment for $842.49 principal and attorney's fees in the sum of $100 was entered in favor of plaintiff and defendant has appealed from said judgment.

Appellant makes a vigorous attack upon the judgment. He contends (1) that he has no legal responsibility as to any existing liabilities on the date of dissolution of the partnership; (2) that he is not liable on any obligations which were obligations incurred after the date of dissolution by defendant and appellant's expartner or any other successor entity; and (3) that the allowance of any attorney's fees was error and that the amount of attorney's fees allowed was an abuse of discretion.

■ Appellant argues first that at the time of the suit he was not liable for the debts sued upon. He contends that no liability exists as to Laird Welding and Manufacturing Works because the amount which was due at the time of dissolution was subsequently paid, and, therefore, no liability existed at the time of suit. However, as hereinbefore noted, the payment of $255.40 to Laird Welding and Manufacturing Works on November 17, 1955, did not include the item of $54.48 for repairs made on November 3, 1955, nor the charge for demurrage. The items of demurrage represented a continuing liability which originated prior to the dissolution, and appellant as the retiring partner would not be relieved from liability for them unless the creditor consented. ■ As to the repair item incurred on November 3, 1955, which was after the date of the dissolution, appellant would not be liable therefor if Laird Welding and Manufacturing Works had notice of the dissolution. While the evidence is conflicting as to whether the Welding Works had notice of the dissolution at the time the repairs were made, it is sufficient to support the finding of the court that the company did not have notice. ■ The burden is on a defendant relying on dissolution to prove notice of dissolution. (*Epley* v. *Hiller*, 128 Cal.App.2d 100 [274 P.2d 696].) ■ Appellant cannot rely on the provisions of section 15035.5 of the Corporations Code to show actual knowl-

edge. This section provides for publication of notice of dissolution of a partnership. However, as to firms having prior credit dealings with the partnership, actual notice of dissolution is necessary. While publication may be evidence from which actual knowledge could be inferred, publication alone would not compel a finding of actual knowledge. A retiring partner is not justified in placing sole reliance upon the publication of notice of dissolution, but should assure himself that existing creditors who have extended credit to the partnership receive actual notice of such dissolution.

As to the Merced Hardware account it is clear that the debt for the items sued upon were all incurred after February, 1956. Appellant contends that he is not liable for these items of debt because they were incurred after the dissolution of the partnership. Respondent in reply points out that section 15035 of the Corporations Code provides that after a dissolution a partner can bind the partnership "By any transaction which would bind the partnership if dissolution had not taken place, provided, the other party to the transaction: I. Had extended credit to the partnership prior to dissolution and had no knowledge or notice of the dissolution." Here again the evidence is conflicting as to whether Merced Hardware and Implement Company had notice of dissolution of the partnership, and we are bound by the court's finding that it did not. There is also evidence that Merced Hardware and Implement Company had previously extended credit to the partnership. The credit reference on the contract of the Shipman & Davis Lumber Company with Valley Typewriter Company, dated March 15, 1955, and signed by Russell C. Shipman, lists Merced Hardware Company; and the items in dispute were charged to Shipman & Davis Lumber Company on the books of Merced Hardware and Implement Company. The evidence supports the implied finding that Merced Hardware and Implement Company had previously extended credit to Shipman & Davis Lumber Company.

As to the Valley Typewriter Company account, the record shows that five payments were made on this account after the date of the dissolution of the partnership. Two checks in favor of Valley Typewriter Company, both signed by Shipman Lumber Servaes Company, one dated June 20, 1956, for $76.20 and one dated October 26, 1956, for $38.10. Appellant contends that this is overwhelming evidence of a novation and conclusive proof that he was discharged from the obligation under subdivision (2) of section 15036 of the

Corporations Code which reads: "(2) A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business." We are unable to agree with this contention. Whether or not there was a novation was a question of fact and conflicting inferences can be drawn from the evidence. █ The manager of Valley Typewriter Company testified that he had no actual knowledge of the dissolution of the partnership. The checks themselves would not necessarily compel a finding of actual knowledge since the inference appellant seeks to draw is dispelled by the testimony that the creditor had no knowledge. There can be no novation where the creditor testified he had no knowledge of dissolution and such testimony is believed by the trier of the fact.

█ Appellant also argues that he is entitled to a reversal of the judgment as to the Valley Typewriter account under the following provision of section 15036 of the Corporations Code: "(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations." But here again knowledge of the dissolution of the partnership is required, and the court found upon sufficient evidence that none of the creditors here involved had notice or knowledge of the dissolution of the partnership. Furthermore, the fact that the Valley Typewriter Company accepted delayed payments under the contract does not compel a finding in accordance with appellant's argument that the creditor had consented to a material alteration in the nature or time of payment of the obligation.

█ Appellant also contends that the allowance of any attorney's fee of $100 was improper, and if proper, the allowance was excessive. The Valley Typewriter Company contract provided for attorney's fees if suit was brought. In this case the action was vigorously contested. An appellate court will not disturb an award of attorney's fees of a trial court in the absence of a manifest abuse of discretion. (*Biaggi* v. *Sawyer*, 75 Cal.App.2d 105 [170 P.2d 678]; *State* v. *Westover Co.*, 140 Cal.App.2d 447 [295 P.2d 96].) In view of the

record in the instant case, we cannot say the amount allowed by the court was excessive.

No other points require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.