[Civ. No. 1263.  Third Appellate District.—December 11, 1914.]

ASBESTOS MANUFACTURING & SUPPLY COMPANY (a Corporation), Respondent, v. LENNIG–RAPPLE ENGINEERING COMPANY (a copartnership composed of E. B. Lennig and J. W. Rapple), et al., Appellants.

PARTNERSHIP—CONTRACT FOR LABOR AND MATERIALS—DISSOLUTION OF PARTNERSHIP—LIABILITY ON CONTRACT.—Where a copartnership contracted to pay a certain amount for labor and materials to be furnished to it in the construction of a certain building, it was bound by its promise the same as an individual or a corporation, and its liability to the other party for the contract price continued notwithstanding the dissolution of the partnership with or without notice to its creditor, even though all the labor was not performed or all the materials furnished before the dissolution, and notwithstanding an agreement between the partners that one of them should

26 Cal. App.—12

assume the liability, in the absence of a release of the partnership by the creditor or the termination of the liability in some recognized legal way.

ID.—PARTNERSHIP LIABILITIES—TERMINATION OF.—The liability on partnership obligations, which have been properly created during the continuance of the relationship, can be terminated only in one of the methods recognized by law for the termination of joint contracts in general, viz.: payment, release, merger, or novation.

ID.—EXTRA MATERIALS—LIABILITY FOR.—In such a case extra materials may be recovered for where they were necessary to complete the work contracted for.

ID.—PARTNERSHIP LEGAL ENTITY—JUDGMENT.—The copartnership being a legal entity could be sued as such and judgment was properly entered against it notwithstanding its dissolution after the contract was entered into.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. W. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

David L. Levy, for Appellants.

Edwin H. Williams, for Respondent.

CHIPMAN, P. J.—Plaintiff brings the action to recover for material and labor which it is alleged defendants, about July 1, 1910, contracted with plaintiff to furnish, and that defendants agreed to pay therefor the sum of one thousand three hundred dollars; alleged full performance on plaintiff's part and the completion and acceptance of the work, about February 15, 1912; that at all the times mentioned in the complaint the defendant, Lennig Engineering Company, and plaintiff, Asbestos Manufacturing & Supply Company, were corporations, and that defendants, E. B. Lennig and J. W. Rapple, constituted the copartnership of Lennig-Rapple Engineering Company. In a second count the sum of thirty-four dollars and eighty-three cents is claimed for extra materials furnished. Said materials were furnished and labor performed upon the Hall of Justice, in San Francisco.

The court granted a nonsuit as to defendants, Lennig Engineering Company, a corporation, and E. B. Lennig, as an individual, and J. W. Rapple, as an individual, on the author-

ity of *Redwood City Salt Co.* v. *Whitney*, 153 Cal. 421, 423, [95 Pac. 885]. Judgment passed only against Lennig-Rapple Engineering Company, a copartnership composed of E. B. Lennig and J. W. Rapple. We need, therefore, concern ourselves only with the answer of this defendant and its defense to the action, although the answer is jointly made by the copartnership and the said members thereof. They deny the making of the alleged or any contract with plaintiff; admit the alleged copartnership and that it existed until the thirtieth day of December, 1910, when it was dissolved, and plaintiff had notice thereof soon thereafter; that, upon the dissolution of said copartnership, defendant E. B. Lennig agreed in writing to assume all liabilities of said copartnership "and continued to carry on the business formerly conducted by the said copartnership until the incorporation of the defendant, Lennig Engineering Company," which, it is alleged, was not organized or incorporated until on or about the fifth day of August, 1911; admit that "certain work was completed by plaintiff on said structure on or about February 15, 1912, but deny that the said work was accepted by defendants; allege that at the time of the dissolution of said copartnership as aforesaid, "there was nothing due or owing to plaintiff . . . and that subsequent to said dissolution of said copartnership and long prior to the commencement of this action the said plaintiff accepted the said corporation defendant, Lennig Engineering Company, as its debtor for all of its claims . . . and released these defendants and each of them from all liability thereon and thereafter billed all of its said claims to said corporation defendant." Similar answer is made to the second count of the complaint.

The cause was tried by the court without a jury and judgment went for plaintiff against the Lennig-Rapple Engineering Company, a copartnership composed of E. B. Lennig and J. W. Rapple, defendants, for the sum of $919.83, with interest from April 13, 1912, the date of the commencement of this action. From the judgment and from the order denying its motion for a new trial this defendant appeals.

The court found as facts: "That, on or about July 1, 1910, said defendant employed plaintiff to perform certain labor and furnish certain materials for the purpose alleged in the complaint and agreed to pay therefor the sum of one thousand three hundred dollars, in payments as alleged; that

plaintiff duly performed all the conditions of the agreement which was fully completed February 15, 1912; that said defendant has paid to plaintiff, on account of said agreement, the sum of three hundred and seventy-five dollars and plaintiff has allowed the sum of forty dollars as a credit thereon, and no more, leaving a balance due of eight hundred and eighty-five dollars; that plaintiff furnished to said defendant extra material of the value of $34.85, at its request, for which it promised to pay said sum. That at no time prior or subsequent to December 30, 1910, did plaintiff accept said Lennig Engineering Company, or any other person, for any of said materials or labor, as its debtor, and plaintiff did not at any time release said Lennig-Rapple Engineering Company "and that plaintiff did not bill said claims or any of them to said Lennig Engineering Company."

As its conclusion of law, the court found that plaintiff was entitled to judgment for $919.83, with interest from April 13, 1912, the date of the commencement of the action.

It was stipulated at the trial that plaintiff actually performed the labor and furnished the materials to the extent claimed in the complaint. It was also stipulated that defendant, copartnership, was dissolved December 30, 1910, defendant E. B. Lennig having withdrawn therefrom, and that plaintiff had notice of this fact shortly thereafter. It was also stipulated that the Lennig Engineering Company was incorporated August 15, 1911, all of which plaintiff had notice of soon thereafter and that, from December 30, 1910, until the incorporation of said company, E. B. Lennig carried on business, with plaintiff's knowledge, under the name of Lennig Engineering Company.

The alleged contract was in writing and consisted of a letter written by plaintiff to defendant, Lennig-Rapple Engineering Co., of date July 1, 1910, followed by another letter dated July 7, 1910, containing specifications of the labor and materials to be furnished in performing the contract. Defendant copartnership replied, of date August 1, 1910: "We are pleased to accept your proposition under date of July 1st, 1910. All the work to be performed in strict accordance with plans and specifications of the city architect and to be done to his entire satisfaction. Payments to be made as stipulated in your letter under date of July 7th, 1910."

It appeared that some of the labor was performed and some of the materials furnished after December 30, 1910. The job was not completed, in fact, until in February, 1912.

The only questions presented by appellant we give in the language of its brief: "1. Upon receiving notice of the dissolution of the partnership plaintiff could not by furnishing labor and materials to the continuing partner alone thereby impose a liability therefor upon the retiring partner; and, 2. In no event could a judgment be rendered against the partnership which almost two years before the trial had been dissolved and at the time of the judgment had no existence either in fact or in law. If the retiring partner can be held for the price of labor and materials furnished after the dissolution, the only proper judgment could be against E. B. Lennig and J. W. Rapple, formerly doing business as copartners under the name of Lennig-Rapple Engineering Co. The judgment against a partnership which did not exist was improper."

Appellant concedes that there was no "novation or substitution of the continuing partner, Lennig, in the place of the partnership as plaintiff's debtor." Appellant concedes also that whatever was due at the time of the dissolution (which it appeared was about $125.00) is justly chargeable against the retiring partner.

The contention simply is this: That under the facts plaintiff could not impose a liability upon the retiring partner which the court did by its judgment against the copartnership—and, this, because the judgment is collectible not only out of partnership assets but also out of the assets of the retiring partner who in this instance was served with process and appeared in the case.

Respondent's contention is: "That where a partnership enters into a written contract, and promises to pay a certain price for work which it orders done, it is absolutely bound by its promise the same as an individual or corporation would be" and that upon the dissolution of the partnership with or without notice to the other party its liability as a partnership continues unless terminated in some recognized legal manner. Citing Gilmore on Partnership, section 80, where it is said: "The liability on all partnership obligations which have been properly created during the continuance of the relationship, can be terminated only in one of the methods recognized by

law for the termination of joint contracts in general, viz.: payment, release, merger, novation.''

The general rule is stated in Cyc. as follows: ''The dissolution of a firm does not deprive a partner of the power to perform on behalf of the firm, existing contracts, nor does it relieve him of the duty of having them performed. On the other hand, such dissolution does not ordinarily absolve third persons from their contractual obligations to the firm.'' (30 Cyc. 661.)

There was evidence sufficient to support the findings. If the labor and material had been furnished upon separate orders given as required from time to time for different purposes, the liability thus arising would take the date of the order and defendant's contention and the cases cited by it might have some application. Defendant copartnership contracted to pay to plaintiff a certain gross sum ($1,300.00) for certain specific materials and certain labor necessary to the completion of a certain specific job. The obligation to perform on plaintiff's part was to perform an entire and indivisible piece of work, and, reciprocally, defendants' obligation was to pay a specified sum for such work. This obligation was a continuing obligation of the partnership as constituted when the obligation was entered into. The dissolution of a partnership by the withdrawal of a member will not affect its liability upon contracts made while he was a member, unless such member is relieved from liability by some act of the person dealing with the firm. In the case here plaintiff did no act that worked the release of the withdrawing member. The court found that neither prior nor subsequent to the dissolution of the firm did plaintiff accept any person as its debtor other than the partnership nor did it at any time release the partnership. The fact that partners among themselves agree, upon a dissolution, that a remaining partner shall assume all partnership liabilities cannot affect the rights of persons who before dissolution had contracted with the firm, unless such person does some act which the law will say manifests an intention to release the partnership.

As to the small sum for extras, we see no reason why it should not be recovered, inasmuch as the materials were necessary to complete the work contracted for.

The copartnership was a legal entity and as such could be sued and judgment was properly entered against it. (Code

Civ. Proc., sec 388; *John Bollman Co.* v. *S. Bachman & Co.,* 16 Cal. App. 589, [117 Pac. 690, 122 Pac. 835]; *Goodlet* v. *St. Elmo Investment Co.,* 94 Cal. 297, 29 Pac. 505].)

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.