[Civ. No. 5467. Third Appellate District.—April 30, 1936.]

GUY H. SNAVELY, Respondent, v. T. A. WALLS, Appellant.

C. S. Baldwin for Appellant.

Glenn D. Newton for Respondent.

PULLEN, P. J.—This is an appeal from a judgment awarding plaintiff the amount sued for, which arose out of an obligation upon a balance due on an open book account for lumber sold defendants. ■ The question here presented is whether the evidence is sufficient to justify the finding that the dealings between the parties constituted a joint venture of Walls and DeKatz. The latter defaulted and did not appear at the trial.

The facts as gathered from the testimony reveal that plaintiff operated a sawmill in Shasta County, and during the fall of 1933 was visited by defendants Walls and DeKatz to examine his lumber and arrange for the purchase thereof.

The testimony of Mr. Walls adduced under section 2055 of the Code of Civil Procedure revealed that he accompanied DeKatz to the mill of plaintiff. He admitted that certain quantities of lumber were thereafter purchased from Mr. Snavely and that he paid for the same with his personal checks made payable to Snavely, upon which was a notation in the lower left hand corner, "Acct. A. DeKatz." Walls claimed he was merely financing DeKatz, taking the invoice for the lumber in his name and the transaction was closed. This arrangement had been going on between these two men for some time, they having purchased and sold the product of many of the smaller mills in their vicinity.

Mr. Snavely testified, upon the day in question Walls and DeKatz called upon him and Mr. Walls told him they were there to see about buying lumber. It was stated either by Walls or DeKatz, but in the presence of the three, that they would pay eighty per cent when the lumber was loaded upon the cars and the balance when the lumber was delivered to the purchaser. Mr. DeKatz stated he had brought Mr. Walls down to inspect the lumber and that they were considering the purchase of the same. The witness said that either Walls or DeKatz used the word "we" when stating they were out buying lumber. A sale of the Snavely lumber was agreed upon, and subsequently checks were received from Mr. Walls in payment thereof. The balance, however, remained unpaid, which is the subject of this litigation. The business of buying the lumber was carried on in the name of Alturas Manufacturing Company, and the invoice and bills of lading were so designated. Also Mr. Snavely carried the account in his books under the name of "Alturas Manufacturing Company, T. A. Walls and Alphonse DeKatz". The only time Mr. Snavely talked to Mr. Walls was at the time above referred to. All the transactions were with Mr. DeKatz, except in regard to the payments which were made by check by Mr. Walls, and the one meeting hereinabove narrated.

Under the foregoing facts appellant claims the relationship of debtor and creditor arose, and respondent contends that Walls and DeKatz were jointly liable. Whether the relationship is that of debtor and creditor or one of joint liability is sometimes difficult to determine. The test, however, is expressed in *Westcott* v. *Gilman*, 170 Cal. 562 [150 Pac. 777], where the court held that as between the parties

602

the difference between a partnership and a joint account is one of determination merely upon the letter of the contract, and the conduct of the parties under it, but where the rights of third parties are involved, then the fundamental question becomes, what had these third parties the right to believe from the language of the contract and the conduct of the parties, not as it affected the original makers but as it affected the third parties.

Accepting that test we find DeKatz and Walls together calling upon Snavely and discussing with him the purchase of lumber; the manner of payment was there agreed upon; the use of the word "we" was frequently used in their conversation; the lumber was purchased by Alturas Manufacturing Company, which did not reveal the real names of the members thereof; three payments for lumber so ordered and delivered were paid for with checks of Walls. From these circumstances Snavely had the right to believe that Walls was jointly interested with DeKatz in the venture, and the trial court so found.

The facts of this case bring it within the rule laid down in section 2410 of the Civil Code, which imposes a liability upon one who by word or conduct consents to another representing him to anyone as a partner in an existing business.

The judgment appealed from is affirmed.

Thompson, J., concurred.