[Civ. No. 10854. First Appellate District, Division Two.—December 22, 1938.]

MARCELINE MADSEN, a Minor, etc., Respondent, v. JAMES E. CAWTHORNE, Appellant.

Hoey, Hamilton & Turner for Appellant.

Carlson & Collins, Ward & Sutton and Jesse E. Nichols for Respondent.

NOURSE, P. J.—Plaintiff, a minor, sued through her guardian for injuries incurred in a motor vehicle accident. The cause of action was bottomed on the wilful misconduct and intoxication of the driver who was a copartner of the defendant. The evidence disclosed that the partners were engaged in the trucking business, that the driver of the car was on a partnership mission at the time of the accident, that he had invited the plaintiff to ride with him for their mutual pleasure, that he became intoxicated and drove the car in a reckless manner for the purpose of frightening the plaintiff. While proceeding down grade on a winding mountain road, weaving from side to side, the car left the highway and overturned. The driver was killed and the plaintiff received serious personal injuries for which the jury gave her a verdict.

The appeal presents the single question whether the partnership is liable for the injuries resulting from the wilful misconduct or intoxication of a copartner while he was engaged on the business of the partnership. An affirmative answer to the question follows accepted rules—both statutory and judicial.

Section 2407 of our Civil Code provides in part: ''Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership . . . loss or injury is caused to any person . . . the partnership is liable therefor to the same extent as the partner so acting or omitting to act.''

In 47 Corpus Juris, page 886, the rule is stated: ''There is considerable authority for the view that one partner is not presumed to concur in another partner's willful torts, such as false imprisonment or arrest, malicious prosecution, maliciously suing out attachment without probable cause, and assault, nor in acts that are clearly illegal, as in violation of statutes, even though such acts be connected with, although not within the scope of, partnership affairs; but the true

test seems to be, not the illegality or the malicious and willful character of the wrong, but whether it was done within the scope of the wrongdoing partner's authority, and such determination must necessarily rest upon the facts of the particular case.''

The principle upon which the liability rests is the same as that applicable to the relation of principal and agent, and master and servant. ''Every partner is an agent of the partnership.'' (Sec. 2403, Civ. Code.) A principal is liable for the ''wrongful acts'' of his agent committed in the transaction of the principal's business. (Sec. 2338, Civ. Code.) This liability includes wilful and malicious acts as well as acts of simple negligence. (*Ruppe* v. *City of Los Angeles*, 186 Cal. 400, 402 [199 Pac. 496]; *Johnson* v. *Monson*, 183 Cal. 149, 152 [190 Pac. 635]; *Hiroshima* v. *Pacific Gas & Elec. Co.*, 18 Cal. App. (2d) 24, 29 [63 Pac. (2d) 340].) There is nothing in *Weber* v. *Pinyan*, 9 Cal. (2d) 226 [70 Pac. (2d) 183, 112 A. L. R. 407], to the contrary. That case involved the relation between the owner of a motor vehicle and one who was operating it with the owner's permission. The opinion expressly excepted from its rule the relations of master and servant, and principal and agent.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.