[Civ. No. 9944.   Third Dist.   Mar. 13, 1961.]

W. C. THOMPSON, Plaintiff; GERALD G. THOMPSON, as Executor, etc. (Substituted Plaintiff), Respondent, v. JAMES EDWIN WILLIAMS, Appellant.

Marvin C. Hix for Appellant.

Leon J. Libeu for Respondent.

SCHOTTKY, J.—James Edwin Williams has appealed from an adverse judgment in an action brought by W. C. Thompson to collect on a promissory note dated May 20, 1958, in the amount of $6,000. The note was executed by R. L. Gunn on behalf of Alamo Builders, a copartnership composed of Williams and Gunn. A default judgment was entered against Gunn and apparently is final. Gerald G. Thompson, as executor of the last will and estate of W. C. Thompson, has been substituted for W. C. Thompson.

In 1956 Thompson and Gunn formed a partnership under the name of Gunn Construction Company. Gunn was a licensed building contractor. Thompson contributed the capital and Gunn managed the business. This partnership was terminated August 31, 1957.

Alamo Builders was a partnership formed by Gunn and Williams early in 1957. Alamo Builders was also engaged in the general construction business. The agreement between Williams and Gunn was that 50 per cent of the profits would go to Williams and 50 per cent to Gunn Construction Company. Thompson was unaware of this arrangement until May 30, 1957, when he learned of the existence of Alamo Builders. Alamo Builders constructed four homes. The bulk of the funds necessary for the construction of three of the four homes came from Gunn Construction Company.

The basis of the $6,000 note was the balance due on advances to Alamo Builders, plus a percentage of the overhead costs of Gunn Construction Company.

In May 1958, Gunn, on behalf of Alamo Builders, signed a promissory note for $6,000 after Thompson threatened suit against Alamo Builders for the balance allegedly due for advances. There is evidence in the record that Alamo Builders was dissolved prior to the time that the note was executed. Thompson testified that he had no knowledge of the dissolution.

As stated, the trial court entered judgment in favor of Thompson and awarded $1,200 in attorney fees. This appeal followed.

The first contention of appellant is that Alamo Builders was dissolved at the time Gunn executed the note on its behalf and therefore Gunn had no authority to sign the note and that Thompson knew this fact. However Thompson testified that he did not know of the dissolution, and it is stated in section 15035 of the Corporations Code that a partner can bind a partnership to a person who had extended credit to the partnership and had no notice or knowledge of the dissolution. The record reveals that no notice of dissolution was ever published and that no notice of dissolution was mailed to Thompson. This is a question of fact, and in the face of Thompson's testimony that he had no notice, Gunn could bind the Alamo Builders even if it had been dissolved. Furthermore, the record supports the statement of the trial judge that "One of the partners, Gunn, was still, as of the date of trial, unable to state that the partnership was dissolved. Thus, the Court must find that not only was there no notice of dissolution, actual or constructive, but that there was in actual fact no dissolution as of May 20, 1958."

Appellant next contends that Gunn could not bind the partnership because the note was not signed in the usual course of business. Section 15009 of the Corporations Code reads in part: "(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, . . . ." It is stated in *Stauffer* v. *Ti Hang Lung & Co.*, 29 Cal.App.2d 121, 124 [84 P.2d 209], that "promissory notes executed by a general partner in the *ordinary course of business* are binding on the other partners, even though they have had no knowledge of the execution thereof." The evidence justifies the conclusion that the transaction was in the ordinary course of the business.

Appellant also contends that since there was no evidence that Gunn Construction Company was ever liquidated there was no consideration for the note to Thompson as an individual. The evidence permits the inference that the partnership between Thompson and Gunn was terminated in August 1957. The evidence also discloses that Thompson contributed the capital funds to the Gunn Construction Company.

The argument that because Alamo Builders owed Gunn Construction Company there was no consideration for the note to Thompson individually is unsound. Gunn, on behalf of Gunn Construction Company, entered into a partnership arrangement with Williams which it seems clear he had no authority to enter. At first Thompson's funds were used for the benefit of Alamo Builders without his knowledge. Under such circumstances we do not believe it can be said that the debt was not owed Thompson. There is also a presumption that there was consideration for the note.

Appellant also argues that Thompson had knowledge of facts that were the legal equivalent of dissolution. Appellant first relies on the fact that all the homes which Alamo Builders were constructing had been completed prior to the time the note was executed. Appellant also relies on the fact that Gunn at the time of the execution of the note was employed by Utah Construction Company. Lastly, appellant relies on the fact that Alamo sent a check to Gunn Construction Company for $1,500 with a letter which stated that the check represented payment in full. These facts do not necessarily compel a conclusion that Thompson had knowledge the partnership had been dissolved. The fact that four homes were completed would not mean that the partnership, Alamo Builders, had been dissolved. Thompson would not be expected to know the extent of Alamo Builders' business. The check for $1,500 with the accompanying letter is not notice of dissolution. The fact that Gunn was employed in another job would be evidence from which the court could have found that Thompson had knowledge of dissolution, but it would not compel such a finding in the face of Thompson's testimony.

Appellant also relies on the fact that Gunn, as a partner in Gunn Construction Company, had knowledge of the fact that Alamo Builders had ceased to do business and that there was no intent to do any more business. It is appellant's contention that the knowledge of Gunn was imputed to the partnership and therefore to Thompson. The rule imputing notice is based on the theory that it is the duty of the agent to communicate to his principal knowledge which is possessed by him and which is material to the protection of the principal's business. But this presumption does not apply where the agent is acting adversely to the principal. (2 Mecham on Agency, p. 1399.) Gunn's interest as a partner in Alamo Builders would be adverse to that in Gunn Construction Company.

Appellant also contends that the sum of $6,000 as shown to be due by the note cannot be supported. There is no merit to this contention. The record clearly shows that there was a dispute between Gunn Construction Company and Alamo Builders over the amount due. ▮ "The surrender of a disputed claim, whether unliquidated or liquidated, if the dispute is honest and not obviously frivolous, is consideration which the law will not attempt to evaluate. Accordingly, any sum given and accepted as consideration for an agreement to discharge a claim which is unliquidated or the subject of a bona fide and reasonable dispute is sufficient consideration." (Williston on Contracts [3d ed.], § 128.) ▮ The note was given in settlement of the dispute. The cited rule is applicable.

▮ Appellant also contends that it was error to award $1,200 as attorney fees when the attorney testified that $1,000 was a reasonable amount. The attorney testified that "the sum claimed in the complaint, namely, $1,000, for attorney fees, is, . . ., a reasonable fee . . . ." The sum named in the complaint was $1,200. However it is settled that the trial court has power to determine what is a reasonable attorney's fee without any testimony on the subject, and where, as in the instant case, the trial judge had the entire record before him, we cannot say that there was an abuse of discretion in fixing the attorney's fee in the sum of $1,200. (*Lewis & Queen* v. *S. Edmondson & Sons,* 113 Cal.App.2d 705 [248 P.2d 973].)

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied April 11, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1961.