[Civ. No. 25372.   Second Dist., Div. Four.   Dec. 19, 1961.]

LEONA LEGG, Plaintiff and Appellant, v. H. EUGENE BREITENBACH, as Judge of the Superior Court, etc., et al., Defendants and Respondents.

Leona Legg, in pro. per., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, for Defendant and Respondent H. Eugene Breitenbach.

BURKE, P. J.—This is an appeal from judgment of dismissal entered after demurrers to a second amended complaint were sustained. The demurrers to the first, second, third, seventh, eighth and ninth causes of action were sustained without leave to amend; those to the fourth through sixth causes of action were sustained with 30 days' leave to amend, and the judgment of dismissal was entered after the 30-day period elapsed without amendment. The demurrer of the respondent Breitenbach was both general and special, the basic ground for the latter being that the complaint is unintelligible.

The first six causes of action set forth substantially the same facts and are phrased in substantially the same language as the complaint in a previous action entitled *Legg* v. *Brody*, 187 Cal.App.2d 79 [9 Cal.Rptr. 593]. In that case the appellate court affirmed a dismissal entered after a demurrer (both general and special) to the complaint was sustained. There, as here, one of the grounds of the demurrer was the unintelligibility of the complaint, and the court found this ground a sufficient basis for its affirmance.

The complaint in the instant case adds one defendant to the others sued with respect to the first six causes of action. It also adds a further specification of injury as a consequence of the acts of which it complains.

Other than these two changes the allegations in the complaint are to all intents and purposes the same as in the previous action. None of the changes made do anything to make the complaint intelligible. Thus, the demurrability of the complaint in the instant action as to the first six causes of action was decided by the judgment in the prior action (*Crowley* v. *Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 323 [282 P.2d 33]; *Keidatz* v. *Albany*, 39 Cal.2d 826, 828 [249 P.2d 264]), and that is so notwithstanding that the issue of res judicata is raised by demurrer.       This court may take judicial notice of the prior decision. (*Weil* v. *Barthel*, 45 Cal. 2d 835, 837 [291 P.2d 30]; *Stafford* v. *Ware*, 187 Cal.App.2d 227 [9 Cal.Rptr. 706].)

The remaining causes of action in the instant case appear

to allege a conspiracy on the part of Judge Breitenbach and certain others wherein Judge Breitenbach agreed to and did improperly dismiss plaintiff's action, numbered Los Angeles Superior Court 724620, which was the prior case above mentioned. █ There is no civil action which may be based on the purportedly improper judicial act of a judge (*Oppenheimer* v. *Ashburn,* 173 Cal.App.2d 624 [343 P.2d 931]), and since such an act cannot be a civil wrong, a conspiracy to accomplish it is similarly not actionable. (*Jones* v. *American President Lines, Ltd.,* 149 Cal.App.2d 319, 322-323 [308 P.2d 393].)

The purported appeal from the order "denying plaintiff of her right to amend her complaint . . ." is dismissed.

The judgment is affirmed.

Jefferson, J., and Balthis, J., concurred.