[Civ. No. 30183.   Second Dist., Div. Five.   Nov. 21, 1967.]

JEAN PAUL SYLVESTRE, Plaintiff and Appellant, v. KING MANUFACTURING COMPANY et al., Defendants and Respondents.

John W. Howard for Plaintiff and Appellant.

Vincent Fish & Chase and Rotchford, Downen & Drukker for Defendants and Respondents.

STEPHENS, J.—On November 25, 1960, plaintiff was employed as a plumber and was engaged in cleaning out the sewerage system in a residence in Los Angeles County. He was using two chemicals in the operation, each designed to aid in the cleaning. One was manufactured by defendant Super-X Products, Inc., and the other, by defendant King Manufacturing Company (sometimes hereinafter referred to as King). In the effort of plaintiff to relieve the sewerage stoppage, first one brand of cleaner was induced into the line. No result occurring, the second brand was added. When the two combined, a large explosion occurred, damaging the residence and causing severe physical injury to plaintiff.

On November 24, 1961, plaintiff filed his complaint and had summons issued thereon, claiming damages for his personal injuries. Personal service of process was made on Super-X Products, Inc., but plaintiff was unable to obtain personal service of process upon King. Plaintiff had written to the company as far back as August of 1961 at its office in Flint, Michigan, and the letter was neither returned nor answered. Plaintiff continued his efforts to ascertain where defendant King could be found in California. The office of the California Secretary of State informed plaintiff that there was a California corporation by the name of King Manufacturing Company that had been suspended for failure to pay taxes. Erroneously assuming that this suspended corporation was the manufacturer of the chemical used in the accident, plaintiff sought to locate its agents to effectuate personal service of process. In January 1964, plaintiff sought service by publication, but the affidavit was found to be deficient in supplying information to establish that the defendant was absent from the state. In May of 1964, plaintiff again wrote the defendant King in Flint, Michigan, this time requesting a reply supplying information sufficient upon which to base the affidavit of nonresidence. Response to this letter informed plaintiff that King Manufacturing Company was in fact a single proprietorship owned and operated by Mrs. Reta L. McInnes, and not the suspended California corporation. The defendant company was based in Michigan and had no agents for service of process in California. Its products were, however, offered for sale in California. Two further requests for service by publi-

cation were made and rejected, the last with the direction that Mrs. McInnes should be substituted for one of the Does in the complaint. The complaint was so amended, and the request for service by publication approved. Proof of publication was filed with the clerk of the superior court on December 29, 1964. Thereafter, defendant McInnes, doing business as King Manufacturing Company, moved for dismissal pursuant to section 581a[1] of the Code of Civil Procedure, since return of summons had not been made within three years of commencement of the action. This motion of dismissal was granted. Plaintiff moved to have the order of dismissal vacated, and this was denied. Plaintiff then brought this appeal from the order of dismissal and the order denying vacation of the order of dismissal. ■ The order of dismissal is an appealable order. (Code Civ. Proc., § 963.) Order denying vacation of order of dismissal is not appealable and is dismissed. (*Poochigian* v. *Layne,* 120 Cal.App.2d 757, 765 [261 P.2d 738]; 3 Cal.Jur.2d, Appeal & Error, p. 490, § 57.)

■ Plaintiff contends that since the defendants were absent from the state during the period in question, the exception in section 581a of the Code of Civil Procedure applies and the order is in error.

---

[1]Code of Civil Procedure section 581a:

''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.

''All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons, except where the parties have filed a stipulation in writing that the time may be extended.

''A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, constitute a general appearance.''

The finding allowing the publication of summons is a determination that the defendant was absent from the state. (*Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 739-740 [329 P.2d 489].) The question then is: What is the purpose and effect of the exception in section 581a as to defendants absent from the state?

Defendants contend that the exception refers to a resident of the state who leaves the state for some period of time, but they cite no authority for this proposition. The Code Commissioners' note to the section indicates that the purpose of the exception is to cover those circumstances where the defendant fraudulently absents himself from the state to avoid being served. This is not the case before us, but it must be noted that if this were the sole purpose of the exception, then there is no longer a purpose to the section, for under Code of Civil Procedure sections 412, 413 and 417 personal jurisdiction may be obtained over a defendant who was a resident of this state either at the time the cause of action arose, the action was commenced, or service of process was accomplished by service in compliance with section 412. The case of *Carmichael* v. *Superior Court,* 55 Cal.App.2d 406 [130 P.2d 725] holds that there is another purpose for this exception contained in section 581a. The court there (at page 408) states that forcing a plaintiff to serve by publication in an action against a nonresident (and one not includable under section 417) is grossly unfair where a personal money judgment could not be obtained and where there is no showing that defendant has property within the state. In our case, the defendant has no property within the state; nor is there any other ground upon which personal jurisdiction could be based under Code of Civil Procedure section 417. Thus we conclude that the exception in section 581a is to apply, and the requirement that summons be served within three years is inapplicable. We recognize that this means that an action need only be filed against a nonresident within the time limit established by the statute of limitations. The plaintiff may then wait until the defendant brings himself within the personal jurisdiction of the court. This could mean that personal jurisdiction may not be obtained until such time has passed as to make a defense most difficult, if not impossible. In the present case, defendant King was promptly notified of the claim, and if it did not wish to subject itself to jurisdiction and to defend, that choice was in defendant.

We conclude that a nonresident, doing business in Cali-

fornia, whose product causes injury to one residing here, cannot escape liability by enlisting the benefits of section 581a when it is a foreign unincorporated company over which personal jurisdiction may not be obtained during the three-year period. (See 6 U.C.L.A. L.Rev. 476, 480, fn. 15.) We feel this interpretation is in accord with the spirit of the section as set forth in the *Wyoming Pacific* case, *supra* (50 Cal.2d 736) and that of the similar provision, Code of Civil Procedure section 583, as discussed in *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981].

The order of dismissal is reversed and the appeal from the order denying vacation of the order of dismissal is dismissed.

Hufstedler, J., and Frampton, J. pro tem.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.