[Civ. No. 42129. First Dist., Div. One. Jan. 18, 1979.]

FRED REDMAN, Plaintiff and Appellant, v.
WILLIAM WALTERS, Defendant and Respondent.

## COUNSEL

John W. Larson for Plaintiff and Appellant.

William Walters, in pro per., Ronald E. Mallen, David R. Harrison, David W. Evans and Long & Levit for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—The superior court, on defendant William Walters' motion for summary judgment against plaintiff Fred Redman, entered an order that "the motion herein be and it is granted," and that plaintiff's "complaint herein be and it is dismissed and that judgment be entered for defendant [Walters]." We treat the order as an appealable order dismissing plaintiff's action insofar as it relates to defendant Walters. (See *Herrscher* v. *Herrscher,* 41 Cal.2d 300, 303-304 [259 P.2d 901]; *Sylvestre* v. *King Mfg. Co.,* 256 Cal.App.2d 236, 238 [64 Cal.Rptr. 4]; *Legg* v. *Brody,* 187 Cal.App.2d 79, 83 [9 Cal.Rptr. 593] [cert. den., 365 U.S. 889 (6 L.Ed.2d 198, 81 S.Ct. 1042)].) And we entertain plaintiff Redman's appeal therefrom.

Declarations before the superior court established the following.

In 1969 plaintiff Redman employed legal representation of the "Law Offices," or partnership, or association, or some other arrangement of attorneys, known as "MacDonald, Brunsell & Walters." The purpose was the commencement and maintenance of a lawsuit for Redman, who advanced "the sum of $1,000.00 to cover actual costs." The lawsuit was thereafter filed, with "MacDonald, Brunsell & Walters" as Redman's

attorneys of record. William Walters, the instant respondent, was the person designated as "Walters" of "MacDonald, Brunsell & Walters."

In 1970 Walters severed his relationship with the other attorneys of the above described grouping and commenced practicing law elsewhere. He had "never met" Redman, nor was he "aware he existed," nor had he "ever discussed or in any way participated in any review of the [subject] legal services . . . ." Nor had he a "communication of any nature from any party or any attorney on this lawsuit, and to my knowledge I have not participated in nor received any compensation whatsoever for any services purportedly rendered on behalf of Fred Redman." All of Redman's dealings in relation to his lawsuit had been with Attorney Brunsell.

After Walters' departure, the law practice arrangement, or a similar one, continued under the name of "MacDonald & Brunsell" and later, "MacDonald, Brunsell & Caton," which entitlements appeared, without formal substitution, as attorneys of record for Redman in the lawsuit. Redman was never advised of the changed names, or attorneys, except that he may have observed them in a notice of deposition or other communications or information. But he had never consented to any change or substitution of attorneys.

In late 1974, Redman's lawsuit was dismissed, under the provisions of Code of Civil Procedure section 583, subdivision (b), for failure to bring it to trial within five years. Upon learning of this, Redman commenced an action for damages including as defendants therein "MacDonald, Brunsell & Walters, a Partnership," and "William Walters." The cause of action alleged was that "defendants, and each of them, failed to exercise reasonable care and skill in representing the plaintiff in such action, neglected to adequately prepare and prosecute said case to disposition and carelessly and negligently failed to bring the action to trial within five (5) years after the date on which it was filed; and further, defendants permitted that action to be dismissed for want of prosecution pursuant to Section 583 of the *Code of Civil Procedure,* which order of dismissal was made December 18, 1974, and filed December 23, 1974."

It is the latter action from which the appeal before us has emanated.

On Walters' motion for summary judgment the parties' affidavits conclusively established, and the superior court properly concluded as a matter of law, (1) that "MacDonald. Brunsell & Walters" held itself, or

themselves, out to the public and to Redman as a partnership consisting of the three named persons, and (2) that Redman reasonably believed that he had engaged such partnership to commence and prosecute his lawsuit.

From this it necessarily followed, and the trial court properly assumed, that in its relations with Redman, "MacDonald, Brunsell & Walters" was a partnership or its equivalent, an ostensible partnership or partnership by estoppel. (See Corp. Code, §§ 15004, 15016; *Blackmon v. Hale,* 1 Cal.3d 548, 557 [83 Cal.Rptr. 194, 463 P.2d 418]; *Hansen v. Burford,* 212 Cal. 100, 110-111 [297 P. 908]; *Westcott v. Gilman,* 170 Cal. 562, 568-569 [150 P. 777]; *Foote v. Posey,* 164 Cal.App.2d 210, 216 [330 P.2d 651]; *Nels E. Nelson, Inc. v. Tarman,* 163 Cal.App.2d 714, 725 [329 P.2d 953]; *Hayward's v. Nelson,* 143 Cal.App.2d 807, 814-816 [299 P.2d 1013]; *Asamen v. Thompson,* 55 Cal.App.2d 661, 669 [131 P.2d 839]; *Snavely v. Walls,* 13 Cal.App.2d 600, 601-602 [57 P.2d 161].) For the purposes of both of Redman's actions "MacDonald, Brunsell & Walters" must and will be deemed by us, a "partnership."

In its "Memorandum Decision" the superior court expressed the following conclusions. Although a "partnership" had existed, because of its "dissolution" in 1970 "defendant Walters was not the attorney of record for the plaintiff [Redman] on October 14, 1974 the date of the alleged negligent act, and the relation of attorney and client not existing defendant Walters had no duty to perform and as such there was no negligence on his part." Further, upon the "dissolution," "MacDonald & Brunsell" (without Walters) became Redman's attorneys and attorneys of record, *and thus his agents.* As his agents they had knowledge of the "dissolution" and that they alone had become Redman's attorneys. This knowledge, by operation of law, was "imputed" to Redman, the principal. The court reasoned: "It is a general rule of agency that notice to or knowledge possessed by an agent is imputed to the principal which rule applies for certain purposes in the relation of attorney and client. The rule rests on the premise that the agent has acquired knowledge which it is his duty to communicate to his principal and the presumption that he has performed that duty. Under our law the presumption is deemed conclusive for the purposes of civil action."

We disagree with the rationale and conclusions of the superior court. In our opinion the order dismissing Redman's complaint on Walters' motion for summary judgment was erroneous, and must be reversed.

Our analysis follows.

■ As noted, the "partnership" of "MacDonald, Brunsell & Walters" had accepted employment from Redman to commence and prosecute his lawsuit. Upon its "dissolution" 10 months later the "partnership" was not terminated in respect of its duty to fulfill its contractual obligation to Redman. For: "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." (Corp. Code, § 15030; and see *Security First Nat. Bk.* v. *Whittaker,* 241 Cal.App.2d 554, 556-557 [50 Cal.Rptr. 652]; *Associated Creditors' Agency* v. *Wong,* 216 Cal.App.2d 61, 67 [30 Cal.Rptr. 705].)

Among the partnership affairs of "MacDonald, Brunsell & Walters" to be "wound up" was the performance of its agreement with Redman, or that party's consent, express or implied, or perhaps by estoppel, to nonrepresentation by the outgoing partner, Walters. As said in *Cotten* v. *Perishable Air Conditioners,* 18 Cal.2d 575, 577 [116 P.2d 603, 136 A.L.R. 1068]: "In general a dissolution operates only with respect to future transactions; as to everything past the partnership continues until all pre-existing matters are terminated." (See Corp. Code, § 15030.) And: "The dissolution of the partnership does not of itself discharge the existing liability of any partner." (Corp. Code, § 15036, subd. (1); and see Corp. Code, §§ 15013, 15015.) ■ An individual partner's liability in such a case will not be terminated except by performance of an agreement creating the liability, or by express or implied consent of the other contracting party that he need not so perform. (*Credit Bureaus of Merced County* v. *Shipman,* 167 Cal.App.2d 673, 677 [334 P.2d 1036]; *Asbestos etc. Co.* v. *Lennig-Rapple Co.,* 26 Cal.App. 177, 182 [146 P. 188].)

It follows that in respect of Redman, unless he had in some manner consented (or was estopped to claim otherwise) to nonrepresentation by Walters, "MacDonald, Brunsell & Walters" continued as a partnership and Walters as a partner. And as such a partner Walters would, of course, be responsible also for the negligent act of the partnership or one or more of his partners. Apposite would be Corporations Code section 15013, as follows: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act." (To the same effect see *Roberts* v. *Craig,* 124 Cal.App.2d 202, 209 [268 P.2d 500]; *Madsen* v. *Cawthorne,* 30 Cal.App.2d 124,

125-126 [85 P.2d 909]; *Wiggins* v. *Pacific Indemnity Co.,* 134 Cal.App. 328, 338 [25 P.2d 898, 25 P.2d 902].)

No validity whatever is found in Walters' contention, and the superior court's conclusion, that because of the principal and agent relationship inherent in that of client and attorney, knowledge of the dissolution was imputed to Redman who thereby was conclusively presumed to have consented to substitution of MacDonald & Brunsell as his attorneys in the earlier litigation.

It is settled law that " '[k]nowledge of the agent is not knowledge of the principal as to matters not within the scope of the agent's authority' " conferred by the principal. (*J. A. Eck Co.* v. *Coachella Valley O. G. Assn.,* 102 Cal.App. 1, 9 [282 P. 408]; see also *Herdan* v. *Hanson,* 182 Cal. 538, 545 [189 P. 440]; *Los Angeles Inv. Co.* v. *Home Sav. Bank,* 180 Cal. 601, 606 [182 P. 293, 5 A.L.R. 1193]; *Thompson* v. *Williams,* 190 Cal.App.2d 56, 60 [12 Cal.Rptr. 9]; *Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 194 [260 P.2d 156].) "The knowledge of the agent is considered and imputed as the knowledge of the principal only when the former acquires it in the course of his agency. If he does not acquire it while acting within the scope of his authority, the knowledge is no more to be imputed to the principal than to an utter stranger." (*Palo Alto etc. Assn.* v. *First Nat. Bank,* 33 Cal.App. 214, 224 [164 P. 1124].) ██ Here, the unilateral decision of the partnership to dissolve, and continue the representation of Redman by two of its members, was patently not within the authority granted it by Redman.

Moreover, such a rule of presumed knowledge of the principal will apply only in respect of a *third person* dealing with the agent. "Imputation of knowledge is based upon the necessities of general commercial relationships, and where a principal acts through an agent, a *third person* dealing with such agent is entitled to rely upon his knowledge and notice and it binds the principal. . . . [*T*]*he rule has never been applied to protect one who has had no dealings with the principal through an agent or otherwise.*" (*Hale* v. *Depaoli,* 33 Cal.2d 228, 232 [201 P.2d 1, 13 A.L.R.2d 183]; italics added.) Here we are unconcerned with such a "third person."

██ And even were we to presume, arguendo, such notice to Redman, it does not reasonably follow that he had consented, or had as a matter of law waived objection, or been estopped to object, to a change in the partnership's obligation to represent him.

We have not left unconsidered the superior court's further comment that: "The file reflects that the notice of deposition in 1972 in an action involving this plaintiff was noticed by the law firm of 'MacDonald and Brunsell.' Correspondence on the letterhead of MacDonald Brunsell was addressed in that action; letters were addressed by the then defense attorneys to the law firm of MacDonald and Brunsell; the motion to dismiss the action noticed the attorneys for the plaintiff as being MacDonald, Brunsell and Caton. . . . [T]he letters sent to a plaintiff's attorney must be treated as having been sent to [him]; knowledge of the attorneys is imputed to the client."

As pointed out, under the circumstances of this case, "knowledge of the attorneys is [*not* to be] imputed to the client." Otherwise we perceive the court's meaning to be that as a result of such matters, Redman had in some way waived, or been estopped to assert, Walters' continuing liability in respect of the lawsuit after the "dissolution." But assuming arguendo the existence of such evidence, it lends no support to the superior court's order here under attack. ■ The existence or absence of estoppel, or waiver, is ordinarily a question of fact, and is one of law only when the evidence is not in conflict *and is susceptible only of one reasonable inference. (Driscoll v. City of Los Angeles,* 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245]; *Albers v. County of Los Angeles,* 62 Cal.2d 250, 266 [42 Cal.Rptr. 89, 398 P.2d 129]; *Hefferan v. Freebairn,* 34 Cal.2d 715, 722 [214 P.2d 386]; *Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co.,* 66 Cal.App.3d 101, 151 [135 Cal.Rptr. 802]; *Los Angeles Fire & Police Protective League v. City of Los Angeles,* 23 Cal.App.3d 67, 75 [99 Cal.Rptr. 908].) ■ At most, if anything, the evidence pointed out raised a triable issue of fact. And of course a summary judgment may not be upheld where the evidence presents such a triable issue of fact. (See *Empire West v. Southern California Gas Co.,* 12 Cal.3d 805, 808 [117 Cal.Rptr. 423, 528 P.2d 31]; *Corwin v. Los Angeles Newspaper Service Bureau, Inc.,* 4 Cal.3d 842, 851 [94 Cal.Rptr. 785, 484 P.2d 953].)

In situations such as that before us, law firms or related associations would be well advised to heed the rules stated by Corporations Code section 15036, as follows:

"(1) The dissolution of the partnership does not of itself discharge the existing liability of any partner.

"(2) A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself,

the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business.

"(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations. . . ."

The order granting the motion for summary judgment and dismissing plaintiff's complaint is reversed.

Racanelli, P. J., and Newsom, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 14, 1979.